UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUALITY INVESTMENT PROPERTIES SANTA CLARA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SERRANO ELECTRIC, INC., et al.,<br><br>    Defendants. | Case No.: C 09-5376 JF (PVT)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; AND**<br><br>**ORDER TO DEFENDANT PETERSON POWER SYSTEMS, INC. TO SHOW CAUSE WHY IT SHOULD NOT BE ORDERED TO REIMBURSE PLAINTIFF**<br><br>**(Re: Docket No. 24)** |

    On June 21, 2010, Plaintiff filed a motion for protective order governing the handling of confidential information. Defendant Peterson Power Systems, Inc. ("Peterson") opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the papers presented,

    IT IS HEREBY ORDERED that Defendants' motion is GRANTED. Plaintiff shall promptly submit to the court a copy of the form of protective order it originally proposed (at docket no. 24-1), revised solely to reflect the fact that it was not stipulated to by the parties, but instead was entered as a result of Plaintiff's motion.

    IT IS FURTHER ORDERED that, no later than August 3, 2010, Defendant Peterson shall file a declaration showing cause, if any, why it should not be required to reimburse Plaintiff for the attorneys fees Plaintiff incurred in connection with this motion. *See,* FED.R.CIV.PRO. 26(c)(3) & 37(a)(5)(A).

**I.    LEGAL STANDARDS**

    Documents exchanged in discovery are presumptively public. *See San Jose Mercury News,*

ORDER, *page 1*

*Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public"). However, blanket protective orders governing the handling of confidential information exchanged in discovery are routinely approved by courts in civil cases. *See, e.g., Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D.Colo. 2000). The very first rule set forth in the Federal Rules of Civil Procedure requires courts to construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED.R.CIV.PRO 1. Blanket protective orders serve the interests of a "just, speedy, and inexpensive" determination of cases by alleviating the undue cost and delay that would ensue if courts had to make good cause determinations on a document-by-document basis for *all* documents exchanged in discovery that a party wished to protect. As the Ninth Circuit has implicitly acknowledged, the use of blanket protective orders conserves resources by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (noting that use of a blanket protective order was "understandable for the unfiled documents given the onerous burden document review entails").

While blanket protective orders are usually based on a joint request of the parties, the agreement of all parties is not required so long as certain conditions are met. *See, e.g., Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988). Those conditions include the following:

> "First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis. Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to only invoke the designation in good faith. After receiving documents, the opposing party has the right to contest those documents which it believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim-only the burden of raising that issue." *Ibid*.

By requiring that a party seeking a protective order meet such conditions, courts avoid situations like that which was rebuked in *Citizens First National Bank of Princeton v. Cincinnati Ins.*

1  *Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (blanket protective order was worded so broadly that it gave
2  each party "carte blanche to decide what portions of the record shall be kept secret").

### II. DISCUSSION

#### A. PLAINTIFF HAS DEMONSTRATED "GOOD CAUSE" FOR ENTRY OF A BLANKET PROTECTIVE ORDER

Plaintiff has made a threshold showing of good cause to believe that discovery and disclosures will involve confidential information. *See* Declaration of Shirley Goza in Support of Motion for Protective Order, ¶¶ 9-11.

The form of order proposed by Plaintiff limits confidentiality designations to information or tangible things that qualify for protection under the standards developed under Rule 26(c). Moreover, Section 5.1 of the proposed form of protective order ("Exercise of Restraint and Care in Designating Material for Protection") requires that:

> "Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.
>
> "Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.
>
> "If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation."

Thus, the protective order proposed by Plaintiff ensures that the parties are not improperly given "carte blanche" to designate information which is not entitled to protection under Rule 26(c).

#### B. PLAINTIFF HAS NOT WAIVED ITS CONFIDENTIALITY OBJECTION

Peterson cites no case where a court has found a party waived its claim of confidentiality by withholding documents from its initial disclosures when it also asserted a confidentiality objection

ORDER, *page 3*

and offered to enter into a routine blanket protective order.[1]  The court is not inclined to make such a finding here.

As Plaintiff points out, the obligation to make documents available for inspection and copying pursuant to Rule 26(a)(1)(A)(iii) does not apply to documents that are "protected from disclosure."  The rules expressly provide that the failure to serve responses to Rule 34 document requests without first moving for a protective order would not be excused on grounds of a confidentiality objection.  *See* FED.R.CIV.PRO. 37(d)(2) (failure to respond to discovery requests not excused on the ground the discovery is objectionable unless objecting party has a pending motion for a protective order).  There is *no* similar provision regarding a party withholding documents from its initial disclosures based on an objection.  Thus, the court finds that a confidentiality objection is an acceptable excuse for a party withholding documents from its initial disclosures when that party has, at a minimum, proposed entering into a stipulated protective order at or about the time it asserts its confidentiality objection.

Here, Plaintiff stated in its initial disclosures that it agreed to produce documents supporting its damage claims subject to an appropriate protective order to protect the confidential and proprietary information contained in its documents.  This was an adequate assertion of a confidentiality objection.  Plaintiff noted it was in the process of meeting and conferring with Defendants regarding a stipulated protective order.  Under these circumstances Plaintiff has not waived its confidentiality objection, and it is excused from producing the confidential supporting documentation until an appropriate blanket protective order is entered.

### C. PLAINTIFF'S PROPOSED FORM OF PROTECTIVE ORDER ACCURATELY TRACKS THE VERSION OF THIS COURT'S MODEL FORM OF PROTECTIVE ORDER THAT WAS AVAILABLE ON THE COURT'S WEBSITE PRIOR TO JUNE 9, 2010.

Plaintiff's proposed form of protective order accurately tracks the language of the model form of stipulated protective order that was available on the court's website prior to June 9, 2010.  While the court has changed some of the language in its model form of order, there is nothing inherently wrong with the prior language.  The presence of an "Attorneys Eyes Only" level of

---

[1]  In fact, in *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 FRD 678 (C.D. Cal. 2009) the court *allowed* redaction of certain confidential information despite the untimely assertion of confidentiality.

protection does not allow any party to use that level of designation unless to do so warranted under Rule 26(c). As to the provision which places the burden of filing a motion on the party challenging a confidentiality designation, this court actually prefers that allocation from the prior model form of order. (The burden of justifying the designation always remains on the designating party.) As to mediators, the parties can either agree to allow disclosure of designated documents to the mediator[2] or the party seeking to disclose designated information may seek an order of the court. The court expects that no party will unreasonably refuse to allow disclosure of designated material to a mediator assigned to this case.

For all of the reasons stated above, entry of Plaintiff's original proposed blanket protective order is warranted.[3] That form of protective order tracks the language of this court's prior model form of order, and was stipulated to by both Plaintiff and Defendant Serrano Electric, Inc. ("Serrano"). During the meet and confer process, Peterson declined to stipulate to a blanket protective order *not* based on any objection to the proposed terms of the order, but on its unreasonable demand to review Plaintiff's confidential documents before agreeing to entry of a routine protective order. The alternate language Peterson belatedly asks be substituted into the form of protective order is neither necessary nor superior to the model language that was proposed by Plaintiff and that has already been agreed to by Defendant Serrano. Under all the circumstances, the court finds it appropriate to issue a blanket protective order in the form proposed by Plaintiff and agreed to by Defendant Serrano. Plaintiff shall promptly submit to the court a copy of the proposed form of order, revised to reflect the fact that it was not stipulated to by all parties, but instead was entered as a result of Plaintiff's motion.

### III.   CONCLUSION

Plaintiff has shown that entry of a blanket protective order–something that is routinely done

---

[2] Sections 7.2 and 7.3 both begin "Unless other wise ordered by the court *or permitted in writing by the Designating Party*..." (emphasis added).

[3] The court is aware that Plaintiff offered in its reply to accept the form of order proposed by Peterson. However, this court prefers the form of order based on the court's former model form of order for this case. In cases where parties show an inclination to throw up procedural roadblocks, as Peterson has, a provision that would allow a party to require a designating party to move for protection for all of its designated documents within a short period of time is too vulnerable to abuse.

in any kind of commercial litigation–is warranted. There appears to have been no legitimate reason for Defendant Peterson to decline to stipulate to such an order. Thus, entry of the protective order is warranted, as is an order requiring Peterson to show cause why it should not be ordered to reimburse Plaintiff for the attorneys fees incurred to bring a motion that should never have been necessary.

Dated: *7/21/10*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 6*