UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUALITY INVESTMENT PROPERTIES SANTA CLARA, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>SERRANO ELECTRIC, INC., et al.,<br><br>          Defendants. | Case No.: C 09-5376 JF (PVT)<br><br>**ORDER THAT DEFENDANT PETERSON POWER SYSTEMS, INC. REIMBURSE PLAINTIFF FOR ATTORNEYS FEES INCURRED IN CONNECTION WITH MOTION FOR BLANKET PROTECTIVE ORDER** |

On July 22, 2010, this court entered and order to show cause why Defendant Peterson Power Systems, Inc. ("Peterson") should not be required to reimburse Plaintiff for the attorneys fees Plaintiff incurred in connection with Plaintiff's motion for a blanket protective order (the "OSC"). Peterson responded to the OSC. Based on Peterson's response and the file herein,

IT IS HEREBY ORDERED that Peterson shall promptly reimburse Plaintiff for the reasonable attorneys fees it incurred in connection with its motion for a blanket protective order. The parties shall promptly meet and confer regarding the amount of such fees. If the parties cannot agree on the amount, then no later than November 16, 2010, Plaintiff shall file a declaration setting forth the amount of fees incurred. Defendant may file a response no later than December 7, 2010. The matter will be deemed submitted at that time.

Rule 26(c)(3) of the Federal Rules of Civil Procedure provides that Rule 37(a)(5) applies to

motions for protective orders.  Rule 37(a)(5) provides that, if the motion is granted, the court *must* require the party whose conduct necessitated the motion to pay the moving party's attorneys fees unless the moving party failed to attempt to resolve the matter without motion work, the conduct was substantially justified or other circumstances make an award of expenses unjust.

In the present case, Defendant Peterson refused to stipulate to a blanket protective order for the handling of confidential information, despite the fact that the form of order Plaintiff had proposed tracked the then-current version of the court's own model form of blanket protective order. Plaintiff made reasonable attempts to resolve the dispute without motion work, but Peterson steadfastly refused.  During meet and confer, Peterson took the position that it would not agree to the protective order until it knew what information Plaintiff wished to designate confidential.  This was an extraordinary stance to take.  Peterson cites no authority, and the court is aware of none, that would require a litigant to disclose confidential information to an opposing party without the protection of an appropriate protective order.  Moreover, the model form of protective order provides a procedure for challenging confidentiality designations which Peterson could use in the event it disagreed with any of Plaintiff's designations (whether based on a claim that confidentiality had been waived, or otherwise).  Thus, Peterson's conduct was not substantially justified.

In opposition to Plaintiff's well-founded motion for a blanket protective order, Peterson took two erroneous positions.  First, it argued that Plaintiff's motion was somehow "untimely."  However, there is no time limit for moving for entry of a standard blanket protective order.[1]  Second, Peterson argued that Plaintiff's proposed form of order deviated from the court's model form of order.  In fact, Plaintiff's proposed form of order precisely tracked the court's model form of order as it existed at the time Plaintiff proposed its use to Defendants.  Peterson's opposition to Plaintiff's motion was without merit and was not substantially justified.

In response to the OSC, Peterson makes much of the fact Plaintiff withheld documents from its initial disclosures while waiting for entry of a blanket protective order.  This argument misses the point.  Blanket protective orders are routinely entered to govern the handling of all confidential documents disclosed throughout a lawsuit.  Entry of such an order was warranted regardless of the

---

[1] Whether a party waives confidentiality as to any particular documents is a separate issue.

1  adequacy of Plaintiff's initial disclosures or any waiver of confidentiality as to particular documents.
2  If Peterson believed Plaintiff's disclosures were inadequate, its remedy was to file a motion to
3  compel the disclosures.
4        Finally, Peterson has not shown that an award of fees would be unjust. Plaintiff should not
5  be required to bear the cost of a motion that Peterson's unreasonable conduct necessitated.
6  Dated: *10/26/10*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge