1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP
JAMES P. DIWIK (Bar No. 164016)
2 | JOEL M. LONG (Bar No. 226061)
One Market Plaza, Steuart Tower, 8th Floor
3 | San Francisco, California 94105
Telephone: (415) 781-7900
4 | Facsimile: (415) 781-2635
Attorneys for Plaintiff
5 | Quality Investment Properties Santa Clara, LLC

6 | LECLAIRRYAN LLP
CHARLES H. HORN (Bar No. 063362)
7 | JILL K. RIZZO (Bar No. 236471)
44 Montgomery Street, 18th Floor
8 | San Francisco, California 94104
Telephone: (415) 391-7111
9 | Facsimile: (415) 391-8766
Attorneys for Defendant and Cross-Claimant
10 | Serrano Electric, Inc.

11 | LEWIS BRISBOIS BISGAARD & SMITH LLP
CHRISTOPHER J. NEVIS (Bar No. 162812)
12 | KATHERINE A. HIGGINS (Bar No. 220198)
One Sansome Street, Suite 1400
13 | San Francisco, California 94104
Telephone: (415) 362-2580
14 | Facsimile: (415) 434-0882
Attorneys for Defendant and Cross-Claimant
15 | Peterson Power Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| QUALITY INVESTMENT PROPERTIES SANTA CLARA, LLC, | CASE NO. 5:09-cv-05376-LHK |
|---|---|
| Plaintiff, | **STIPULATION FOR 60-DAY EXTENSION OF DISCOVERY, MOTION, PRETRIAL CONFERENCE, AND TRIAL DATES; [~~PROPOSED~~] ORDER THEREON** |
| v. | |
| SERRANO ELECTRIC, INC., et al., | <u>as modified by the Court</u> |
| Defendants. | |
| And Related Cross-Actions. | |

///

SF/2125131v2                            -1-
STIPULATION; ORDER THEREON

1   The three parties to this action, plaintiff Quality Investment Properties Santa Clara, LLC, defendant and cross-claimant Serrano Electric, Inc., and defendant and cross-claimant Peterson Power Systems, Inc., pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Civil L.R. 6-2 and 7-12, stipulate to extend by 60 days the following currently scheduled case dates set forth in the Court's December 8, 2010 Minute Order and Case Management Order:

- April 18, 2011 fact discovery cutoff
- April 25, 2011 deadline to file motions to compel
- May 2, 2011 deadline to designate experts
- May 5, 2011 deadline to file and serve dispositive motions
- June 2, 2011 expert discovery cutoff
- July 20, 2011 pretrial conference
- August 1, 2011 trial

Good cause exists for the requested modification of the case schedule for the reasons discussed below.

1.   There have been no prior time modifications in the case, whether by request of the parties or Court order, other than a short extension of time to complete the initial mediation discussed below.

2.   The parties have been and continue to be actively and diligently prosecuting the case and do not wish to postpone the trial of this matter any more than reasonably necessary. In this regard, this case was filed in November 2009. Each of the defendants timely answered the complaint and filed cross-claims against one another. Shortly thereafter, the parties met and conferred as required by the Court's November 13, 2009 Order Setting Initial Case Management Conference and ADR Deadlines and agreed to participate in a private mediation to attempt to resolve the case before engaging in active litigation. In preparation for the initial mediation, Quality wished to produce certain damages-related documents to the defendants that Quality believed to be confidential. As such, Quality requested that the parties agree to a stipulated protective order in the form provided on the Court's website. Serrano's counsel agreed, but after a lengthy meet and confer process, Peterson's prior counsel refused. At that point, Quality filed a

motion for protective order, which was ultimately granted.  In the interim, Peterson substituted new counsel into the case, with new counsel needing a reasonable period of time to familiarize themselves with the matter.

3. Quality was eventually able to produce its five binders of confidential damages-related documents in early October 2010, and the parties participated in an initial mediation for November 17, 2010.  That mediation was unsuccessful.  However, the parties ultimately agreed to mediate again, subject to certain insurance carriers becoming involved in the case, the parties exchanging documents, and the defendants having the opportunity to conduct certain depositions.

4. The case history above was discussed with the Court at the case management conference held on December 8, 2010.  Following that conference, the Court issued a Minute Order and Case Management Order setting various deadlines and dates for the remainder of the case, including an August 1, 2011 trial date.

5. Subsequent to the December 8, 2010 case management conference, the parties have engaged in various written and deposition discovery in preparation for a second mediation on March 3, 2011.  This includes, without limitation, the following:  (a) Quality propounded requests for production of documents to both Serrano and Peterson; (b) Serrano propounded requests for production of documents and interrogatories to Quality; (c) the defendants deposed the following Quality witnesses (i) Lee Higgins, vice president of facilities, on January 12, 2011, in San Francisco, (ii) Paul Oberle, director of construction services, on January 14, 2011, in San Francisco, and (iii) Paul Corning, former general manager west, on January 14, 2011, in San Francisco; (d) the defendants deposed the following non-party witnesses (i) Brian Banner of Inglett & Stubbs (a consultant in connection with the data center at issue in this case), on January 20, 2011, in Suwanee, Georgia, (ii) Stephen Edge of Inglett & Stubbs, on January 20, 2011, in Suwanee, Georgia, and (iii) Kenny Giese of Nabholtz Construction Services (a contractor at the facility), on February 18, 2011, in Rogers, Arkansas; and (e) Serrano issued business record subpoenas to various non-parties.  The defendants also attempted to depose a former Quality employee, Baron Duffy, a facility manager at the data center at issue in this case, on January 21, 2011, in Suwanee, Georgia.  The defendants were unable to subpoena Mr. Duffy, however, and

1  although Quality attempted to assist in coordinating Mr. Duffy's deposition, Mr. Duffy did not
2  appear.  Depositions of two other Quality witnesses, Mark Charlton and Roland Ignacio, were
3  also scheduled for the week of February 21, 2011, in San Francisco, but were postponed due to a
4  discovery dispute between Quality and Serrano.  After meeting and conferring, Quality and
5  Serrano are re-scheduling the depositions of these witnesses as described in Paragraph 7 below,
6  while reserving the issue of Quality's demand for reimbursement of witness travel expenses
7  related to the postponed depositions for further discussion between the parties and, hopefully,
8  resolution without Court intervention.

9    6. The March 3, 2011 mediation again was unsuccessful.  In that event, the parties
10 had anticipated a full six weeks (March 4, 2011 through and including the current April 18, 2011
11 fact discovery cutoff) to complete fact discovery.  However, due to various scheduling conflicts
12 involving both witness and counsel unavailability, as well as certain discovery disputes that the
13 parties are actively attempting to work through, this is no longer feasible.

14   7. At present, the parties have noticed and are attempting to confirm dates, times and
15 locations for the following additional party and non-party depositions:

| **Witness** | **Title** | **Witness Type** | **Date/Location as Noticed** | **Availability** |
|---|---|---|---|---|
| Peterson 30(b)(6) | Various (2-3 designees anticipated) | 30(b)(6) | March 22, 2011; San Francisco | No; being rescheduled and/or combined with overlapping individual witness depositions. |
| Andy Bortolussi | Peterson technician | Individual | March 24, 2011; San Francisco | Tentatively yes. |
| Serrano 30(b)(6) | Various (4 designees anticipated) | 30(b)(6) | March 28, 2011; San Francisco | Still being determined; likely to be rescheduled and/or combined with overlapping individual witness depositions. |
| James Gray | Peterson rental operations mgr. | Individual | March 30, 2011; San Francisco | Still being determined. |
| Mark Charlton | Quality director of development | 30(b)(6) | March 30, 2011; Overland Park, Kansas | No.  Due to limited witness availability and the travel involved, the parties are |

| | | | | |
|---|---|---|---|---|
| | | | | attempting to schedule the Mark Charlton, Mark Waddington, and Roland Ignacio depositions for a three-day block at or near Quality's corporate headquarters in Overland Park, Kansas. The witnesses' earliest availability is April 18-20, 2011. Witness and counsel preference is a three-day block in either the first or second week of May 2011. |
| Mark Waddington | Quality president | Individual | March 31, 2011; Overland Park, Kansas | No. See above. |
| Roland Ignacio | Quality director of critical systems | 30(b)(6) | April 1, 2011; Overland Park, Kansas | No. See above. |
| George Schalk | Peterson engineer | Individual | April 1, 2011; San Francisco | Still being determined. |
| Dan Serrano | Serrano president | Individual | April 4, 2011; San Francisco | Tentatively yes. |
| Jason Allen | Former Serrano superintendent | Individual | April 6, 2011; San Francisco | Still being determined. Quality just learned that Mr. Allen is no longer employed with Serrano and therefore must be subpoenaed to ensure his appearance. |
| Steve Carlson | Serrano foreman | Individual | April 8, 2011; San Francisco | Tentatively yes. |
| Friendster | Quality customer | Non-party 30(b)(6) | April 11, 2011; San Francisco | Still being determined. |
| Dolby Laboratories | Quality customer | Non-party 30(b)(6) | April 11, 2011; San Francisco | Still being determined. |
| Spencer Yount | Serrano foreman | Individual | April 12, 2011; San Francisco | Tentatively yes. |

///

8. In addition to the depositions listed above, the parties may notice a handful of additional non-party depositions, some of which may be out of state.

9. Importantly, the limited additional time requested by the parties via this stipulation will not only permit the depositions discussed above and related discovery to be conducted on a more economical and efficient basis, but it will also permit the parties to continue to work through various pending and anticipated discovery disputes, hopefully without involving the Court. Although one motion to compel has already been filed, others may, and likely will, be avoided with additional time to meet and confer.

10. It is also important to note that the parties and their counsel are actively engaged and do not wish to delay final resolution of the case. This is demonstrated by the limited duration of the time extension being requested, 60 days, as opposed to a much longer period of time.

11. This stipulation is the product of a substantive meet and confer process between the parties' counsel. Counsel participated in a lengthy conference call on the morning of Wednesday, March 9, 2011, to discuss deposition scheduling and related discovery issues. Counsel then reviewed and discussed these issues with their respective clients and participated in a second conference call on the morning of Thursday, March 10, 2011, during which a proposed deposition schedule was further refined and the parameters of this stipulation were discussed. Counsel agreed to prepare and submit this stipulation to the Court as soon as practicable. An initial draft was prepared and circulated to all counsel for comment on the afternoon of March 10, 2011, with the stipulation being finalized and filed the following day, March 11, 2011.

12. For good cause shown, the parties stipulate and agree, and respectfully request that the Court approve, an approximately 60-day continuance of the current case schedule to create a modified case schedule as follows:

- Fact discovery cutoff – June 17, 2011
- Deadline to file motions to compel – June 24, 2011
- Deadline to designate experts – July 1, 2011
- Deadline to file and serve dispositive motions – July 8, 2011

- Expert discovery cutoff – August 1, 2011
- Pretrial conference – September 21, 2011
- Trial – October 3, 2011

13. If the Court is not available for a trial beginning on October 3, 2011, but does have an open trial date or dates within approximately four to six weeks thereafter, the parties respectfully request that the trial be scheduled on one of those open dates, and that the pretrial dates be continued for the same number of days as the new trial date.

DATED:  March 11, 2011           SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Joel M. Long
    Joel M. Long
    Attorneys for Plaintiff
    Quality Investment Properties Santa Clara, LLC

DATED:  March 11, 2011           LECLAIRRYAN LLP


By: /s/ Jill K. Rizzo
    Jill K. Rizzo
    Attorneys for Defendant and Cross-Claimant
    Serrano Electric, Inc.

DATED:  March 11, 2011           LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ Katherine Higgins
    Katherine A. Higgins
    Attorneys for Defendant and Cross-Claimant
    Peterson Power Systems, Inc.

**[PROPOSED ORDER FOLLOWS ON NEXT PAGE]**

1   **[~~PROPOSED~~] ORDER**

2   **PURSUANT TO STIPULATION, THE COURT ORDERS THE FOLLOWING MODIFIED CASE SCHEDULE:**

3   The Court grants a 30-day continuance of deadlines:

- Fact discovery cutoff – May 18, 2011
- Deadline to file motions to compel – May 25, 2011
- Deadline to designate experts – June 2, 2011
- Deadline to file/serve dispositive motions – June 9, 2011, to be heard July 21, 2011 at 1:30 p.m.
- Expert discovery cutoff – July 1, 2011
- Pretrial conference – August 24, 2011 at 2 p.m.
- Trial – September 19, 2011 at 9 a.m.

**Further extensions of the case schedule will not be favored.**

Dated: March 17, 2011

*Lucy H. Koh*
Lucy H. Koh
United States District Judge