UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUALITY INVESTMENT PROPERTIES SANTA CLARA, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>SERRANO ELECTRIC, INC, et al.,<br><br>   Defendants. | Case No.: C 09-5376 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL** |

Before the court is Defendant Serrano Electric, Inc.'s ("Serrano") motion to compel Quality Investment Properties Santa Clara, LLC ("Quality") to organize, index, and label documents. For the reasons below, Serrano's motion is GRANTED-IN-PART and DENIED-IN-PART.

On December 10, 2010, Serrano served its first request for production of documents to Quality. On January 10, 2011, Quality served its written response objecting to certain requests and indicating that it would produce non-privileged documents.

According to Quality, Quality prepared to produce the documents using the following procedure. Quality established an .ftp site into which Quality personnel deposited their

ORDER, *page 1*

documents.[1] Within this .ftp site, Quality established folders with names either describing the types of documents contained in the folder or corresponding to Serrano's document requests. The documents were then downloaded onto Quality's outside counsel's computer network in the same order and format as organized on the .ftp site. The documents were then processed for production and put on two data disks.

On February 7, 2011, Quality produced two data disks containing 82 folders containing 11,796 responsive documents and no privilege log. These folders were labeled with sequential numbers. The folders contained 43,368 .tiff images, one for each page in each document, and .opt or "load" files, which Quality claims can be used in conjunction with "any standard litigation support software" to compile the .tiff images into readable multi-page documents.[2]

On February 25, 2011, Serrano filed its motion to compel, arguing that these documents need either to be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the request. Serrano also argued that because no privilege log was produced, privilege was waived and any withheld documents should be produced. Alternatively, Serrano demands that Quality produce a privilege log. Serrano also requests that the trial date and the discovery cut-off date be continued, and seeks sanctions.

After the motion was filed, on February 25, 2011, Quality provided Serrano with a list matching the bates numbers of the produced documents with the category of document or the request to which they corresponded.[3] On March 7, 2010, Quality produced a 55-page privilege containing almost 300 entries.

## I. LEGAL STANDARDS

Unless otherwise ordered or stipulated, "the party to whom the request is directed must respond in writing within 30 days after being served."[4] "A party must produce documents as they

---

[1] *See* 3/15/11 Opp'n at 6:6-24 (Docket No. 63).

[2] *See* 3/15/11 Opp'n at 9:7-9 (Docket No. 63).

[3] *See* 3/15/11 Joel M. Long Decl. Ex. A (Docket No. 65). According to Serrano the motion was filed at 4:16 p.m. on February 25, 2011 and the list was faxed at 5:22 p.m. 3/22/11 Reply Mot To Compel at n.1 (Docket No. 70).

[4] Fed. R. Civ. P. 34(b)(2)(A).

are kept in the usual course of business or must organize and label them to correspond to the categories in the request."[5]  Furthermore, "if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."[6]

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[7]  In determining whether privilege is waived because a privilege log was not produced, the court, using the 30-day period as a default guideline, should make a case-by-case determination, taking into account the following factors:

1. the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient);
2. the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient);
3. the magnitude of the document production;
4. and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.[8]

"These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format."[9]

---

[5] Fed. R. Civ. P. 34(b)(2)(E)(i).

[6] Fed. R. Civ. P. 34(b)(2)(E)(ii).

[7] Fed. R. Civ. P. 26(b)(5)(A).

[8] *See Burlington Northern & Santa Fe. Ry. Co. V. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

[9] *Id.*

## II. DISCUSSION

**A. DOCUMENT ORGANIZATION AND FORMAT**

Fed. R. Civ. P. 26(f) requires that parties meet and confer to prepare a discovery plan to present to the court prior to the case management conference.[10] This discovery plan must state the parties views and proposals on, among other issues, "any issues about the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced."[11]

On March 12, 2010, the parties submitted the Report of Rule 26(f) Planning Meeting, which states that the parties had met and conferred and would submit their proposed discovery plan in 120 days if the case did not settle before then.[12] A review of the docket indicates that no discovery plan was submitted to the court. At oral argument, counsel for Serrano admitted that the parties never met and conferred regarding the form in which electronically-stored documents should be produced, an admission counsel for Quality did not dispute.[13]

Neither of the parties in this action fulfilled its Rule 26(f) obligation to meet and confer about a discovery plan. As a result, Quality has now produced documents in a form that Serrano claims is not compatible with Serrano's system for reviewing documents. Had there been a candid discussion about the form in which documents should be produced, the events precipitating this motion could have been avoided. Instead, rather than the parties each controlling its own fate by negotiating an agreement each could live with, the court must now decide which one of the parties will invest further resources to correct these mistakes.[14]

---

[10] Fed. R. Civ. P. 26(f)(1).

[11] Fed. R. Civ. P. 26(f)(3).

[12] *See* 3/12/11 Report of Rule 26(f) Planning Meeting (Docket No. 20).

[13] *See* FTR, April 5, 2011, 10:03:55 - 10:04:22.

[14] As my colleague has recently — and rightly — noted: (1) "The argument that an ESI Protocol cannot address every single issue that may arise is not an argument to have no ESI Protocol at all;" (2) "[T]he clear thrust of the discovery-related rules, case law, and commentary suggests that 'communication among counsel is crucial to a successful electronic discovery process.'" *In re Facebook PPC Advertising Litigation*, No. 09-3043, 2011 WL 1324516, at *1 (N.D. Cal. Apr. 6, 2011) (citing *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109 (E.D. Pa. 2010)).

Serrano complains that the form of the production does not comply with the Rule 34 requirement that documents be (1) produced as they are kept in the usual course of business or (2) organized and labeled to correspond to the categories in the request.

Quality argues that because it stores its documents electronically, and the documents were produced electronically, it complied with the first requirement. Quality's description of its procedures for processing the documents into .tiff and load files, however, makes clear that the documents were not kept in those formats in the usual course of business. As just one example, Quality's declarants have presented no information establishing that the metadata that Quality provided would identify from whose files a given document was collected.

Quality further argues that because the documents on the .ftp site were organized into informatively-labeled folders, it also complied with the second requirement. When produced, however, the documents also were not organized and labeled to correspond to the categories in the discovery request. Quality has subsequently provided Serrano with a list identifying documents by category or by the corresponding discovery request. The supplemental list, however, fails to correct that deficiency because the list is not sufficiently specific. For example, it is unclear which document request corresponds to the categories of documents with the file title "SLA Credits, Paul C" or "Outage Triage, Paul C" and no documents are listed as corresponding to Request for Production 1, 2, or 3.[15] Thus, Quality has not organized and labeled every document according to the categories in the discovery requests.

In light of the foregoing, the court concludes that Quality has not complied with its obligations under Rule 34. Accordingly, no later than April 25, 2011, Quality shall re-produce its documents consistent with a specification agreed upon by the parties.[16] If the parties are unable to reach agreement, no later than May 2, 2011, Quality shall, for each document it produces, identify the categories in each document request(s) to which the document is responsive.

---

[15] *See* Long Decl. Ex. A; 2/25/21 Jill K. Rizzo Decl. Ex. B. (Document No. 56-2).

[16] For starters, the court suggests that Mr. Voccia visit Mr. Arnold — without the lawyers present — and explain how the data already produced can be loaded into Serrano's litigation database and then searched.

**B. PRIVILEGE LOG**

Quality produced its privilege log almost three months after the request for production was served. In determining whether the untimely production of the privilege log waived privilege for those documents, the court must consider the factors listed above. First, the objections served on January 10, 2011 are boilerplate objections that do not provide the type of information found in a privilege log.[17] Second, the objections were served 31 days after the request was served, only a very small deviation from the required 30-day production deadline. Third, the document production was sizable, 11,796 documents produced and almost 300 documents withheld. Finally, the court considers other factors making production easier or harder. Quality provides some information indicating that production was harder: the intervening holidays, its general counsel was out of the country during the last two weeks of December, the breadth of the requests, and the resulting size of the production.[18] In light of these factors and the unsatisfying record of the meet and confer, the court finds that the delay in producing the privilege log was reasonable and therefore privilege was not waived.[19]

**C. SANCTIONS**

Under Civ. L.R. 7-8, any motion for sanctions must be separately filed. Both Serrano and Quality make requests for sanctions, but neither party has properly brought a motion for sanctions compliant with Civ. L.R. 7-8.

**D. CONTINUANCE**

Serrano's request for a continuance of the trial date and the discovery cut-off is not properly before this court because it is outside the scope of the referral to the magistrate judge. If

---

[17] *See* 2/25/21 Rizzo Decl. Ex. C. (Document No. 56-3).

[18] *See* 3/15/11 Opp'n at 8:5-16. (Docket No. 63).

[19] In its reply, Serrano argues the court should compel production of withheld documents for several reasons related to deficiencies in the privilege log. These new arguments, some of which may be mooted by this order, were not raised in the motion, and thus Quality has not had an opportunity to respond. If Serrano seeks to pursue these arguments, they should be properly brought before the court in a new motion.

ORDER, *page 6*

1   Serrano seeks a continuance, it must request a continuance from the presiding judge, Judge Koh.

Dated: April 11, 2011

                                                                           PAUL S. GREWAL
                                                                           United States Magistrate Judge