UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUALITY INVESTMENT PROPERTIES SANTA CLARA, LLC,<br><br>Plaintiff,<br>v.<br><br>SERRANO ELECTRIC, INC, ET AL.,<br><br>Defendants. | Case No.: C 09-5376 LHK (PSG)<br><br>**ORDER GRANTING DEFENDANT PETERSON POWER SYSTEMS, INC.'S MOTION TO WITHDRAW ADMISSIONS AND GRANTING DEFENDANT SERRANO ELECTRIC, INC.'S MOTION TO WITHDRAW ADMISSIONS**<br><br>(Re: Docket Nos. 94 and 109) |

Pending before the court are Defendant Peterson Power Systems, Inc.'s ("Peterson") Motion for Permission To Withdraw Admissions and Defendant Serrano Electric, Inc.'s ("Serrano") Motion for Permission To Withdraw Admissions. Plaintiff Quality Investment Properties Santa Clara, LLC ("Quality") opposes the motions. The court heard oral argument on July 5, 2011. For the reasons discussed below, the motions are GRANTED.

**I.   LEGAL STANDARDS**

When a party fails to timely respond to requests for admission, those requests are automatically deemed admitted.[1]  "Any matter admitted under this rule is conclusively established

---

[1] *See* Fed. R. Civ. P. 36(a).

1

Case No.: 09-5376 LHK (PSG)
ORDER

unless the court on motion permits withdrawal or amendment of the admission."[2]  At the same time, a court may permit withdrawal or amendment of the admission when (1) presentation of the merits of the action is furthered, and (2) the party who obtained the admission will not be prejudiced in maintaining the action or defense on the merits.[3]  "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions."[4]

"'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'"[5]  As to the second prong, the party opposing the request to withdraw has the burden of establishing that it will be prejudiced if the admission is withdrawn.[6]  "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'"[7]  "Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[8]  A lack of discovery, without more, does not constitute prejudice.[9]  Prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent.[10]

---

[2] Fed. R. Civ. P. 36(b).

[3] *See* Fed. R. Civ. P. 36(b).

[4] *Conlon v. United States,* 474 F.3d 616, 622 (9th Cir. 2007).

[5] *Id.* at 622 (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995)).

[6] *See id.*

[7] *Hadley,* 45 F.3d at 1348 (quoting *Brook Village North Associates v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982)).

[8] *Id.* (internal quotation marks omitted).

[9] *See Conlon,* 474 F.3d at 624.

[10] *See id.*; *Hadley,* 45 F.3d at 1348.

## II. DISCUSSION

**A. Peterson's Motion To Withdraw Admissions**

On April 14, 2011, Quality served Peterson with its requests for admissions. Peterson's responses were due on May 16, 2011. Due to a claimed calendaring error, Peterson missed the deadline and emailed its responses to Quality on the morning of May 18, 2011.

Peterson argues that its admissions to requests nos. 1, 2, 6, and 7 would effectively preclude Peterson from raising many of its primary defenses and force it to admit negligence. Quality does not dispute this claim but emphasizes that Peterson's argument concedes that the admissions do not eliminate all of Peterson's defenses and that a trial would still be needed to determine damages. Although the admissions do not foreclose all possible defenses to all claims asserted and conclusively determine damages, it is sufficient that Peterson's admissions "go directly to core issues in the litigation, including the ultimate issue of liability."[11] The first prong of the Rule 36(b) test therefore is met.

Quality nevertheless argues that it will be prejudiced if Peterson's admissions are withdrawn because, had Peterson timely served its responses by May 16, 2011, Quality would have received them by May 17, 2011 and had sufficient time to review and formulate deposition questions in time for the deposition of two Peterson witnesses on May 18, 2011. Quality, however, has not shown, or even argued, that it relied on the admissions in conducting the depositions. Furthermore, as Peterson notes, Quality has not shown that it would have received the responses by May 17, 2011 had they been mailed on May 16, 2011. Thus, the second prong of the Rule 36(b) test is satisfied.

---

[11] *Douglas v. Banks*, No. C09-3191 LHK (PR), 2011 WL 577419, at * 1 (N.D. Cal. Feb. 7, 2011); s*ee, e.g., Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002) (holding that the first prong of the Rule 36(b) test was satisfied when an admission "confuses" "*one* of the issues" and "[w]ithdrawal of the admissions thus subserves the presentation of the merits.") (emphasis added).

3

Case No.: 09-5376 LHK (PSG)
ORDER

Quality further argues that, even if the court finds Peterson has satisfied the Rule 36(b) test, the court should exercise its discretion to deny the motion or to require Peterson to pay Quality's fees in opposing the motion because Peterson lacks a good excuse for its late response. But in the absence of any demonstrated prejudice to Quality from Peterson's two-day delay, the court is not persuaded. "[A]lthough the motion is, as the parties acknowledge, directed to the sound discretion of the court, the discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party."[12] Additionally, in this district, any motion for sanctions that is not separately filed in conformance with Civ. L.R. 7-2 is procedurally defective.[13] Accordingly,

IT IS HEREBY ORDERED that Peterson's motion is GRANTED.

**B. SERRANO'S MOTION TO WITHDRAW ADMISSIONS**

On March 21, 2011, Quality served Serrano with its requests for admissions. Serrano's responses were due on April 20, 2011. Due to a claimed misunderstanding that Quality had granted it an extension, Serrano missed the deadline and served its responses on May 2, 2011.

Serrano argues that admissions to requests nos. 4, 5, 6, 7, 8, and 9 go directly to the core issues of whether Serrano was negligent and foreclose many of Serrano's defenses. Quality does not dispute this assertion. Quality simply makes the same argument described above that the admissions do not eliminate the need for trial altogether and do not establish the amount of damages. Serrano's admissions go to core issues in the litigation, including negligence. The first prong of the Rule 36(b) test therefore is satisfied. Additionally, Quality makes no argument that it would be prejudiced if the court permits Serrano to withdraw its admissions. Thus, the second prong is satisfied. Finally, Quality's argument that the court should deny the motion because

---

[12] *Mid Valley Bank v. North Valley Bank*, 764 F.Supp. 1377, 1391 (E.D. Cal. 1991).

[13] *See* Civ. L.R. 7-8(a).

Serrano lacks a sufficient excuse or should require Serrano to pay Quality's fees fails for the same reasons the argument fails as applied to Peterson.  Accordingly,

      IT IS HEREBY ORDERED that Serrano's motion is GRANTED.

Dated:  July 18, 2011

                                                    PAUL S. GREWAL
                                                    United States Magistrate Judge